**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-09249 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| TARGET METAL BLANKING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff, Tyrone Davis ("Davis"), brought this case alleging that Defendant, Target Metal Blanking, failed to promote him and unlawfully terminated his employment in violation of the Age Discrimination Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981. Before the Court is Target Metal Blanking's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Target Metal Blanking's motion to dismiss is granted.

**BACKGROUND**

The following facts are drawn from Davis's complaint and other filings unless otherwise noted and are accepted as true for the purpose of resolving this motion.

On May 16, 2024, Davis was terminated from his employment at Target Metal Blanking. Davis filed a claim with the EEOC prior to filing this complaint on August 5, 2025. Davis was an employee at Target Metal Blanking for seventeen years prior to his termination.

At the beginning of May, Davis attended a shift meeting to introduce the new HR manager, Tracy Smith ("Smith"). During the meeting, the plant manager, Bill John, stated that "eating on [the] floor was getting out of control." Davis raised his hand and said, "by law we are [entitled] to [a] lunch

break and this [is] not fair." After the meeting, Bill John called Davis into his office. On his way to the office, Davis overheard John say, "no negro will stand up to [me] in front of all [those] people." Davis also alleges that he heard Bill John say "a nigger is not in control," dkt. 38; it is unclear whether this second statement occurred at the same time as the first. Davis then felt like he was "walk[ing] on eggshells" and "everyone [k]new [Bill John] was out to get [him]."

Several weeks later, Davis was terminated. Davis learned of his termination through a signed letter by an employee, Steven Bailey, that stated, "I ask[ed] Tyrone to help catch on Line 4 and help the operator like he [is] supposed to. He kept leaving the line and asked the operator to slow the line down when he was there. He is interfering with production. This is a Type 2 Offence C." Davis claims he never touched the line monitor and there was no warning by any supervisor, which should reasonably precede a termination.

**LEGAL STANDARD**

Target Metal Blanking has moved to dismiss Davis's complaint under Federal Rules of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss a complaint under either Rule, courts accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999); *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (per curiam).

**DISCUSSION**

In its motion to dismiss, Target Metal Blanking argues that Davis's ADEA claim must be dismissed for failure to exhaust administrative remedies and failure to allege age discrimination; and that Davis's Title VII race discrimination claim arising from his termination and failure to promote must be dismissed for failure to state a claim.

Federal courts must construe *pro se* complaints liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, less stringent standards do not eliminate the requirements imposed by the Supreme Court. *Pro se* plaintiffs' allegations must still plausibly establish the elements of each cause of action.

Both the ADEA and Title VII require that plaintiffs first pursue their claims administratively by filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title VII). Claims that have not been administratively exhausted through this process cannot be raised in federal court. *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 (7th Cir. 1995). To sufficiently exhaust administrative remedies for a claim under the ADEA, the Seventh Circuit has held that age discrimination must be reasonably related to the plaintiff's EEOC complaint. *See Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 529–30 (7th Cir. 2003). Here, Mr. Davis's EEOC complaint contains no reference to any age discrimination. *See* dkt. 38 app'x A.[1] As such, Davis failed to administratively exhaust his age discrimination claim, and it must therefore be dismissed. Additionally, Davis did not respond to Defendant's exhaustion requirement, meaning that any counter-argument has also been waived. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461 (7th Cir. 2010). The ADEA claim is therefore dismissed with prejudice.

---

[1] Davis did not include his EEOC complaint in his complaint for the instant federal case, but he did reference the EEOC complaint. Dkt. 1 at *10. Accordingly, it is incorporated by reference. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

To sufficiently plead a Title VII race discrimination claim, a complaint "need not allege each evidentiary element of a legal theory to survive a motion to dismiss." *Freeman v. Metropolitan Water Reclamation District of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019). Rather, a plaintiff "need[s] only to allege... that [the employer] fired him because of his race." *Id.* However, the plaintiff must provide some factual basis connecting his or her protected characteristic to the decision to terminate or not promote. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776–77 (7th Cir. 2022) (affirming dismissal where plaintiff alleged termination based on race and age but included no factual allegations connecting termination to the characteristics). Another court in this district reinforced this idea in *Outley v. City of Chicago*, holding that racially insensitive remarks standing alone do not establish discriminatory motive unless made by the decision-maker and connected to the decision. 354 F.Supp.3d 847, 867 (N.D. Ill. 2019) (Lefkow, J.) (quoting *Perez* v. *Thorntons, Inc.*, 731 F.3d 699, 709 (7th Cir. 2013)). The *Outley* court held that being subjected to racially discriminatory statements on only one occasion by a non-decision-maker was insufficient to establish pretext for race discrimination. *Id.* In sum, it is not enough to show evidence that one has a racist boss; plaintiffs complaining of illegal termination must also show evidence that they were fired at least in part because of racism.

Here, Davis's complaint lacks the required nexus connecting Bill John's racially discriminatory statements to either his termination or lack of promotion. To survive a motion to dismiss, Davis must provide some factual basis that connects his race to the decisions to terminate and not promote him, which are not sufficiently present in the complaint as it stands. Accordingly, the Court will also dismiss Davis's Title VII claims of racial discrimination. These claims will be dismissed without prejudice, as additional factual allegations could cure the issues identified above.

**CONCLUSION**

For the foregoing reasons, the Court grants Target Metal Blanking's motion to dismiss [34] and dismisses Davis's complaint for age discrimination under the ADEA with prejudice and for race

discrimination under Title VII without prejudice. Mr. Davis may file a new complaint within 28 days of this order; if he does not do so, the case will be terminated.

**IT IS SO ORDERED**

Date: 7/10/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

– 5 –